IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01087-LTB-MJW

NINA WINSTON, Administrator of the Estate of
DAVID WINSTON, deceased,

    Plaintiff,

v.

CIRCUIT CITY STORES, INC., a corporation;
MARTINAIR, INC., a corporation;
CESSNA AIRCRAFT COMPANY, a corporation,

    Defendants.

---

**PROTECTIVE ORDER REGARDING WRECKAGE
PRESERVATION AND INSPECTION**

---

This action concerns an incident occurring February 16, 2005, at Pueblo, Colorado involving a Cessna Citation 560 ("Accident Aircraft"). This Protective Order Regarding Wreckage Preservation and Inspection ("Order") is entered pursuant to C.R.C.P. 26(c) to preserve and protect, and establish a procedure for inspection and testing of, the wreckage of the Accident Aircraft.

    1.    **Definition of "Wreckage."** "Wreckage" means all parts and components of the Accident Aircraft, including but not limited to its airframe, engines, and materials contained within or adhering to the Accident Aircraft including the cockpit voice recorder tape ("CVR tape").

2. **Storage Location and Custodian.**

    A. The Wreckage is owned by Circuit City Stores, Inc. (Circuit City) and its insurer, Global Aerospace, Inc. (Global). Circuit City and Global designated Beegles Aircraft Service ("Beegles") as Custodian of the Wreckage ("Custodian"). The present location of the Wreckage is a facility maintained by Beegles located at 711 Crosier Avenue, Greeley, CO 80631. As indicated by Exhibit A to this Order, Beegles agrees to preserve the Wreckage, store the Wreckage in a locked facility dedicated solely to the storage of this Wreckage, make reasonable efforts to accommodate inspection and testing requests made pursuant to this Order, maintain and provide to the parties to this action a log of persons who have inspected or been given access to the Wreckage, and be bound by the terms of this Order until resolution of this action. Also as indicated by Exhibit A, Beegles further agrees that the Wreckage shall remain at its present storage location until the conclusion of this action and shall not be relocated unless Beegles provides thirty (30) days' advance notice to the parties of the proposed relocation, the proposed relocation facility is a suitable facility for the Wreckage, and all parties agree in writing to the relocation.

    B. The cockpit voice recorder and tape ("CVR tape") are in the possession of Tom Byrne, counsel for Martinair, Inc. and Circuit City. Mr. Byrne is custodian of the CVR tape, and agrees to preserve it and store it in a safe or secure lock box. The parties anticipate entering into a separate stipulation concerning the inspection and duplication of the CVR tape. Mr. Byrne agrees that he will not permit any inspections, playing, or duplication of the CVR tape except as permitted by further stipulation of all counsel or order of court.

3. **Persons and Entities Subject to Order.** This Order shall be binding on the

parties to this action and their attorneys, officers, directors, employees, insurers, experts, consultants, and other representatives, and on the Custodian of the Wreckage.

    4.    **Inspection.** Inspection of the Wreckage may occur only under the following conditions:

    a.    The party requesting the inspection shall serve upon all other parties and the Custodian written notice of the requested inspection at least twenty (20) days before the date of the inspection. The notice of inspection shall include the date and time of the inspection, anticipated length of the inspection, identity of the persons who will attend, and a description of the intended nature and scope of the inspection.

    b.    Any party or Custodian who objects to the proposed inspection shall provide notice to all other parties and the Custodian within five (5) business days of service of the inspection notice. No inspection shall occur until the parties resolve the objection to the inspection. The parties agree to use reasonable, good-faith efforts to resolve the dispute. Resolution of the dispute shall be set forth in a written protocol agreed to by all parties. If the parties cannot resolve the dispute, the party seeking the inspection shall apply to the Court for assistance in resolving the dispute.

    c.    Inspection of the Wreckage shall not result in any change in the physical condition of the Wreckage. Inspection may include videotaping, photographing, and inspection under microscopic viewing devices, but shall not include the taking of material samples from or application of chemicals, solvents, or dyes to the Wreckage.

    d.    All parties shall have the right to have one or more representatives present at any inspection conducted by another party. The parties agree to cooperate in the conduct of

the inspection and to avoid interfering with the other parties' inspection, including, where applicable, videotaped inspection.

  e. The parties shall comply with reasonable requirements of the Custodian pertaining to the inspection.

  f. The party requesting the inspection shall be responsible for payment to the Custodian of the reasonable costs relating to the inspection. If multiple parties participate in the inspection, those parties shall equally share the reasonable costs of the inspection.

  g. All persons attending an inspection of the Wreckage shall be provided with a copy of this Order.

  5. **Destructive Testing**. Destructive testing of the Wreckage may occur only under the following conditions:

  a. The party requesting the destructive testing shall serve upon all other parties and the Custodian written notice of the requested testing at least thirty (30) days before the date of the testing. The notice of testing shall include the date and time of the testing, anticipated length of the testing, identity of the persons who will attend, and a protocol for the proposed testing, describing in detail what is to be accomplished and what is required to complete the testing.

  b. Any party or Custodian who objects to the proposed testing shall serve notice of the objection upon all other parties and the Custodian within ten (10) days of service of the testing notice. No destructive testing shall occur until the parties resolve the objection to the inspection. The parties agree to use reasonable, good-faith efforts to resolve the dispute. Resolution of the dispute shall be set forth in a written protocol agreed to by all parties. If the

parties cannot resolve the dispute, the party seeking the destructive testing shall apply to the Court for assistance in resolving the dispute.

        c.      Destructive testing includes removing material samples from the Wreckage, application of chemicals, solvents, or dyes to the Wreckage, disassembly of any portion of the Wreckage that will alter or affect the integrity of the Wreckage, cutting, scraping, swabbing, and impression taken of the Wreckage, and changing the position of any switch, knob, lever, or component of the Wreckage that is in a fixed or frozen position. Destructive testing does not include nonmaterial changes to the condition of the Wreckage including addition of fingerprints or dust or dirt occurring through inspection of the Wreckage. The parties agree to take all reasonable steps to minimize changes in the condition of the Wreckage through the destructive testing.

        d.      All parties shall have the right to have one or more representatives present at any testing conducted by another party. The parties agree to cooperate in the conduct of the testing and to avoid interfering with the other parties' testing procedure, including, where applicable, videotaping of the testing.

        e.      The parties shall comply with reasonable requirements of the Custodian pertaining to the testing.

        f.      The party requesting the testing shall be responsible for payment to the Custodian of the reasonable costs relating to the testing. If multiple parties participate in the testing, those parties shall equally share the reasonable costs of the testing.

        g.      All persons attending testing of the Wreckage shall be provided with a copy of this Order.

DONE THIS 24TH DAY OF October, 2007.

BY THE COURT:

/s/ Michael J. Watanabe
~~U.S. District Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

## EXHIBIT A

## AGREEMENT OF BEEGLES AIRCRAFT SERVICE REGARDING WRECKAGE

Beegles Aircraft Service ("Beegles") agrees as follows with respect to the wreckage of a Cessna Citation 560 involved in an incident occurring February 16, 2005, at Pueblo, Colorado ("Wreckage"):

1. Beegles understands that an action entitled *Nina Winston v. Circuit City Stores, Inc., et al.*, Case No. 07-cv-01087-LTB-MJW, U.S. District Court, District of Colorado ("the Action") has been filed in connection with the above incident.

2. Beegles further understands that a Protective Order Regarding Wreckage Preservation And Inspection ("Protective Order") has been entered in the Action. Beegles has been provided with a copy of the Protective Order. Beegles agrees to be bound by the terms of the Protective Order until resolution of the Action.

3. The present location of the Wreckage is at a facility maintained by Beegles located at 711 Crosier Avenue, Greeley, CO 80631.

4. Beegles shall preserve the Wreckage and store the Wreckage in a locked facility dedicated solely to the storage of this Wreckage until the conclusion of the Action.

5. Beegles shall make reasonable efforts to accommodate requests for inspection and testing made pursuant to the Protective Order.

6. Beegles shall maintain and provide to the parties to the Action a log of persons who have inspected or been given access to the Wreckage.

7. The Wreckage shall remain at its present storage location until the conclusion of the Action and shall not be relocated unless Beegles provides thirty (30) days' advance notice to the parties to the Action of the proposed relocation, the proposed relocation facility is a suitable facility for the Wreckage, and all parties to the Action agree in writing to the relocation.

Dated: _____

BEEGLES AIRCRAFT SERVICE

_____
By:
Its:

7